UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DIDADO'S RIDGE, LLC**, *et al.*,

        **Plaintiffs,**

  v.

**GULFPORT ENERGY CORPORATION,** *et al.*,

        **Defendants.**

Case No. 2:25-cv-040
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

**OPINION AND ORDER**

This matter is before the Court on a Motion to Remand to State Court filed by Plaintiffs. (ECF No. 14.) Defendants filed a response in opposition to the Motion. (ECF No. 17.) Plaintiffs replied. (ECF No. 18.) For the reasons below, the Motion to Remand is **DENIED**. (ECF No. 14.)

**I.    BACKGROUND**

Defendants Gulfport Energy Corporation and Gulfport Appalachia, LLC (collectively, Gulfport), are exploration companies that contract with landowners and mineral rights holders to drill for oil and natural gas on leased properties. Plaintiffs are a group of individuals and entities who own oil and gas rights to land. (ECF No. 6, ¶¶ 1–6.) Gulfport entered into lease agreements with Plaintiffs to extract oil and natural gas from wells placed on land where Plaintiffs had an interest in the oil and gas. (*Id.* ¶¶ 16–24.) In exchange, Gulfport agreed to pay Plaintiffs royalties based on the proceeds of the sales from the oil and gas produced at each well. (*Id.* ¶¶ 26–27.)

The lease agreements determine whether Plaintiffs, or Gulfport, are responsible for expenses incurred after the oil and natural gas is extracted, but before it is sold—i.e., "post-production deductions." (*See* ECF No. 6, ¶¶ 60–63, 73–74; *e.g.*, ECF No. 6-1, PageID 228 ("Didado's Ridge Lease").) According to Plaintiffs, the leases are "in all material respects, identical." (ECF No. 6, ¶ 25.) Plaintiffs assert that Gulfport systematically underpaid them

royalties by deducting gathering, processing, transportation, and marketing costs from the proceeds of each well's production. (*Id.* ¶¶ 57–63.)

Relevant to Plaintiffs' Motion, the leases contain a "Governing Law" clause that says disputes will be resolved in a common pleas court in Ohio. (ECF No. 6-1, PageID 245, ¶ 58.)

> This Lease shall be governed and construed in accordance with the substantive and procedural laws of the State of Ohio without regard to its conflicts of laws principles. Any and all disputes must be resolved in a common pleas court located solely in the State of Ohio.

(*Id.*) The parties refer to this as a forum selection clause. (ECF No. 14, PageID 325.)

Plaintiffs brought this action in the Belmont County Court of Common Pleas seeking damages for the alleged underpayment of royalties. (*See* ECF No. 6.) The Complaint asserts four state-law causes of action for declaratory judgment (Counts One and Two), breach of contract (Count Three), and fraudulent misrepresentation (Count Four). (*Id.* PageID 217–23.) Gulfport removed this case to this Court under 28 U.S.C. §§ 1441 and 1446 (ECF No. 1) and brought a counterclaim for declaratory judgment (ECF No. 7, PageID 289). The Court has diversity subject matter jurisdiction over this action because the parties are diverse and the amount in controversy is satisfied, says Gulfport. (ECF No. 1, PageID 1–5.)

Plaintiffs ask the Court to remand this case to state court, arguing that Gulfport waived its right to removal under the forum selection clause of the leases. (*See* ECF No. 14.) Gulfport opposes the Motion (ECF No. 17), and Plaintiffs replied (ECF No. 18).

## II. STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1441(a), a defendant may remove a case from state court to federal court if the court has original jurisdiction over the case. Original jurisdiction under

2

§ 1441 primarily comes in two flavors: where there is diversity of citizenship between the parties or when the complaint presents a federal question. *See* 28 U.S.C. §§ 1331, 1332.

Jurisdiction based on diversity of citizenship between the parties, which provided the basis for removal here, exists when there is complete diversity of citizenship between the opposing parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

The right to have a suit removed to federal court is a statutory right. 28 U.S.C. § 1441. If the statutory requirements are met, a defendant is entitled to removal. *Regis Assocs. v. Rank Hotels (Mgmt.), Ltd.*, 894 F.2d 193, 195 (6th Cir. 1990). But a plaintiff may move to remand a case "on the basis of any defect other than lack of subject matter jurisdiction . . . within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c).

A plaintiff may move to remand based on a forum selection clause that waived the defendant's statutory right to removal. *Regis*, 894 F.2d at 195 But a waiver of the right to remove must be "clear and unequivocal." *Cadle Co. v. Reiner, Reiner & Bendett, P.C.*, 307 F. App'x 884, 888 (6th Cir. 2009). In construing "clear and unequivocal," the Sixth Circuit has "set the bar higher than other Circuits." *Tera II, LLC v. Rice Drilling D, LLC*, No. 2:19-CV-02221, 2019 U.S. Dist. LEXIS 138691, at *4 (S.D. Ohio Aug. 16, 2019) (Jolson, M.J.), *adopted by* 2019 U.S. Dist. LEXIS 171722, at *2 (S.D. Ohio Oct. 3, 2019) (Morrison, J.). A forum selection "clause that does not even mention removal or the party seeking to remove cannot be a clear waiver of removal." *Cadle Co.*, 307 F. App'x at 888 (quoting *EBI-Detroit, Inc. v. City of Detroit*, 279 F. App'x 340, 347 (6th Cir. 2008)).

### III. ANALYSIS

Plaintiffs seek to remand on the basis of the forum selection clause. (ECF No. 14.) That clause reads: "Any and all disputes must be resolved in a common pleas court located solely in the State of Ohio." (ECF No. 6-1, PageID 245, ¶ 58.) Plaintiffs argue that this clause operates as a

3

waiver of Gulfport's right to remove and requires that all disputes between the parties be resolved in state court. (ECF No. 14.) Gulfport responds that under Sixth Circuit precedent, the forum selection clause is not a clear and unequivocal waiver. (ECF No. 17.) As such, Gulfport argues the Motion to Remand should be denied. (*Id.*) Gulfport has the better argument.

Plaintiffs argue that a waiver does not require "magic words." (ECF No. 14, PageID 326.) Alternatively, they argue that even if explicit language, or "magic words" are required, the forum selection clause here satisfies that requirement. (*Id.* PageID 326–28.) Plaintiffs rely on *LaSalle* to support their argument. *LaSalle Group, Inc. v. Tiger Masonry, Inc.*, No. 10-11327, 2010 WL 4167257, at *4 (E.D. Mich. Oct. 15, 2010). In *LaSalle*, the district court held forum selection clauses can be "clear and unequivocal" without "magic words" referencing waiver or removal, so long as the parties' intent and the ordinary meaning of the clause is clear. *Id.* at *4.

But Plaintiffs reliance on *LaSalle* is misplaced. This Court has held that *LaSalle* relies on pre-*Cadle* case law and is an outlier decision. *See Bidwell Fam. Corp. v. Shape Corp.*, No. 1:19-cv-201, 2019 U.S. Dist. LEXIS 211328, at *11 (S.D. Ohio Dec. 9, 2019) (Black, J.) (citing the pre-*Cadle* case: *Power Mktg. Direct v. Moy*, No. 2:08-cv-826, 2008 U.S. Dist. LEXIS 115810 (S.D. Ohio Nov. 6, 2008) (Frost, J.)); *see also Zehentbauer Fam. Land LP v. Chesapeake Expl., L.L.C.*, 2016 U.S. Dist. LEXIS 93824, at *9–10 (N.D. Ohio, July 19, 2016) (declining to follow *Moy* because it pre-dated *Cadle*); *Laurel Grocery Co., LLC v. Freshway, Inc.*, No. 6:18-cv-243, 2019 U.S. Dist. LEXIS 4066, at *4 n.5 (E.D. Ky. Jan. 4, 2019) (describing *LaSalle* as an "outlier").

Next, Plaintiffs argue that because the forum selection clause states that disputes "must be resolved" in a common pleas court in Ohio, Gulfport intended to waive its right to litigate in federal court. (ECF No. 14, PageID 326–37.) Yet courts interpreting clauses with identical language have found that without mentioning removal, the defendant did not waive removal rights. *See Zehentbauer*, 2016 U.S. Dist. LEXIS 93824, at *7 (denying a motion to remand based on a forum

4

selection clause that stated "[a]ny and all disputes must be resolved in a common pleas court located solely in the State of Ohio"); *see also Tera II,* 2019 U.S. Dist. LEXIS 138691, at *6 (holding that a forum selection clause was not a waiver even though it required that any proceedings "be ascertained and determined by the Ohio state court in the county where the Lease is recorded"); *Glassmann v. Burns*, 2015 U.S. Dist. LEXIS 170184, at *8 (S.D. Ohio Dec. 21, 2015) (Barrett, J.) (denying a motion to remand based on a forum selection clause that required all legal actions to "take place in the county in which the Property is located").

That the clause here contains the word "must" does not change the fact that the leases do not mention removal, or Gulfport's waiver of that right, and thus the clause cannot constitute a waiver. *Cadle*, 307 F. App'x at 888. Since the forum selection clause does not clearly and unequivocally waive Gulfport's removal rights, Plaintiffs' Motion to Remand is denied.

### IV. CONCLUSION

For the reasons above, Plaintiffs' Motion to Remand (ECF No. 14) is **DENIED**.

**IT IS SO ORDERED.**

**7/14/2025**                                                                   **s/Edmund A. Sargus, Jr.**
**DATE**                                                                              **EDMUND A. SARGUS, JR.**
                                                                                    **UNITED STATES DISTRICT JUDGE**